**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **RICHARD ROE**,<br><br>Plaintiff,<br><br>v.<br><br>**THE CITY OF PORTLAND; ARIEL LIVINGSTON; and JOHN DOES I-III,**<br><br>Defendants. | Case No. 3:22-cv-1193<br><br>**COMPLAINT**<br>(§1983 claims: Fourth Amendment excessive force; First Amendment retaliation; malicious prosecution)<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.     Plaintiff brings this action to remedy violations of Plaintiff's constitutional and statutory rights under Fourth, First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983. Plaintiff seeks compensatory damages, as well as his attorneys' fees and costs.

### JURISDICTION

2.     This court has jurisdiction over the subject matter of this Complaint under

42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

3.      Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, all of the acts and practices alleged herein occurred IN Portland, Multnomah County, Oregon.

## PARTIES

4.      Plaintiff is a resident of Oregon. Plaintiff has been subjected to retaliation, stalking, death threats and abuse and therefore proceeds under the pseudonym Richard Roe.

5.      Defendant Ariel Livingston is a Portland Police Bureau Officer. Livingston at all times material acted under color of law and is sued in her individual capacity.

6.      Defendant City of Portland ("the City") is and at all material times hereto has been a municipal corporation in the State of Oregon. The Portland Police Bureau ("PPB") is the law enforcement agency of the City. As a local governmental entity, the City is a person under 42 U.S.C. § 1983. At all material times, the City employed the John Doe defendants and Livingston.

7.      Defendant John Doe I-III ("Doe Defendants") are or at all material times were a PPB officers, employees, and agents of the PPB acting under color of law and are sued in their individual capacities. Plaintiff does not know the names of the Doe Defendants, and is suing them under fictitious names.

## FACTS

8.      On August 14, 2020, Plaintiff was marching in a peaceful protest in northeast Portland, Oregon, when the police fired flashbang grenades which directed the protesters to a

blockade of PPB officers. When confronted with the police blocking their way, the protesters including plaintiff remained in place. Plaintiff was standing playing drums just behind a line of protesters. After an interval, the police shot smoke grenades at the feet of the front line of protesters and then into the midst of the group of protesters. Then the Portland Police officers ran at full speed into the group of protesters, knocking people to the ground, swinging their nightsticks at protesters and body checking protesters with their nightsticks. Plaintiff was struck by Livingston and pulled to the ground by his face mask/respirator. Multiple other officers jumped on him, including the Doe Defendants, striking him with their batons. A male officer asked whether they were going to arrest him, but Livingston stated they were going to beat him where he was. This caused extreme fear in plaintiff. Plaintiff attempted to flee but was violently grabbed, beaten, punched and thrown to the ground. Each officer was acting within the course and scope of his or her employment. Plaintiff was then arrested despite having committed no crime and taken to Inverness Jail.

9.      Plaintiff was subsequently charged with Assaulting a Public Safety Officer, Interfering with Peace/Parole and Probation Officer, Disorderly Conduct in the Second Degree, and Resisting Arrest. These charges were based upon the police report and statements made by Livingston, which she knew to be false at the time she made them. All of these criminal charges are based on knowingly false testimony by the arresting officers. As a result of the aforementioned assaults, both Plaintiff suffered injuries to his wrists, arms, legs, and torso.

10.     On October 19, 2020, the criminal charges based upon the knowingly false statements of Livingston were later dismissed by Multnomah County District Attorney (the disposition is noted as "no complaint").

**COUNT I**

**(42 U.S.C. § 1983)**

**(Fourth Amendment – Excessive Force)**

**(Against Defendants Livingston and Doe Defendants)**

11.     Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

12.     Plaintiff has a right to be free from unreasonable force as guaranteed by the Fourth Amendment to the United States Constitution.

13.     Defendants' intentional use of physical force constituted a seizure under the Fourth Amendment.

14.     As alleged above, Defendants violated Plaintiff's right to be free from undue and unreasonable force. Defendants' use of force was objectively unreasonable under the circumstances, unjustifiable, and constituted unlawful seizure and excessive force.

15.     Plaintiff did not commit any crimes, pose any threat to any officers or any other person, or resist arrest. At the time he was hit and tackled he was peacefully protesting and did not pose a threat to anyone. Nothing about his demeanor or actions or the circumstances of the assault warranted the use of force or his arrest.

16.     Defendants' seizure of Plaintiff was objectively unreasonable. Using riot batons and physical force against parties who are not engaged in criminal activity and pose no threat to anyone's safety is an unconstitutionally excessive use of force.

17.     Defendants while acting under color of law deprived Plaintiff of his Fourth Amendment rights.

18.     At all material times, the law was clearly established that Defendants' use of force, in the manner and under the circumstances used against Plaintiff, who was nonviolent and

attempting to comply, was objectively unreasonable, and any reasonable law enforcement officer would have known that the force used against Plaintiff was unreasonable and violated his clearly established Fourth Amendment rights.

19.    Plaintiff reasonably fears further retaliation in the future in violation of the Fourth Amendment if he continues to participate in constitutionally protected activity.

20.    Defendants' conduct caused Plaintiff bodily harm, physical pain, and emotional distress. Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

21.    Defendants' acts were willful and malicious and done with reckless indifference to Plaintiffs' protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish him and to deter such conduct in the future.

22.    Plaintiffs are entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

### Count II

### (42 U.S.C. § 1983)

### (Fourth Amendment – Excessive Force)

### (Against the City)

23.    Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

24.    Livingston and the Doe defendants acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the City to allow officers to use disproportional force against peaceful protesters. The City has tacitly and explicitly authorized this use of force and knew or reasonably should have known that it would lead to the constitutional violations alleged herein.

25.    The City of Portland failed to adequately supervise or train its employees with respect to the Fourth Amendment rights of peaceful protesters such as Plaintiff.  Specifically, the

City's failure to investigate and discipline officers for Fourth Amendment violations amounts to deliberate indifference to Plaintiff's rights.

26.    Mayor Ted Wheeler oversaw the PPB and had final policy making authority for the City and PPB. His failure, and the failure of those under his supervision and command, to act in light of the routine use of excessive force in the manner described herein, as well as the specific instances alleged above, ratified Livingston and the Doe defendants' conduct.

27.    The City, acting pursuant to this policy, custom, or practice, unlawfully used force against Plaintiff as alleged above.

28.    Defendants' conduct caused Plaintiff bodily harm, physical pain, and emotional distress. Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

29.    Defendants' acts were willful and malicious and done with reckless indifference to Plaintiffs' protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish him and to deter such conduct in the future.

30.    Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT III

## (42 USC § 1983)

## (First Amendment Retaliation)

## (Against Livingston and Doe Defendants)

31.    Plaintiff realleges and incorporates by reference the above paragraphs.

32.    The First Amendment to the United States Constitution protects persons from unlawful curtailment of expressive conduct, assembly, and association.

33.    Plaintiff was engaged in constitutionally protected acts of free speech.

34.    By targeting and using force against Plaintiff, Defendants chilled his political

speech and violated his First Amendment rights.

35.     Plaintiff reasonably fears further retaliation in the future in violation of the First

Amendment if he continues to participate in constitutionally protected activity.

36.     Defendants' conduct caused Plaintiff bodily harm, physical pain, and emotional

distress. Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

37.     Defendants' acts were willful and malicious and done with reckless indifference

to Plaintiffs' protected rights. Defendants should be assessed punitive damages in an amount as

fixed by a jury to punish him and to deter such conduct in the future.

38.     Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT IV**

**(42 U.S.C. § 1983)**

**(Malicious Prosecution)**

**(Against Livingston)**

39.     Plaintiff realleges and incorporates by reference the above paragraphs.

40.     At all times material to this complaint, Livingston acted or purported to act in the

performance of official duties under state, county, municipal law, ordinances or regulations.

Livingston caused Plaintiff to be deprived of his due process right under the law, as guaranteed

to him by the Fourteenth Amendment of the U.S. Constitution. Her violation of Plaintiff's rights

was done during the performance of official duties.

41.     Livingston conduct violated Plaintiff's right to be free from initiation of criminal

proceedings from an improper motive and without probable cause pursuant to the Fourth and

Fourteenth Amendments of the United States Constitution. Livingston made knowingly false

statements in her police report and to the Multnomah County District Attorney (MCDA) in order

to furnish probable cause and induce MCDA to bring baseless criminal charges against Plaintiff. Plaintiff's property and liberty interests were taken away in violation of Plaintiff's due process rights.

42.    Livingston misused her official powers with a willful and malicious intent to deprive Plaintiff of his due process rights and cause him grievous injuries thereby. The constitutional right to be free from initiation of criminal proceedings from an improper motive and without probable cause was well established at the time Livingston took the aforementioned actions against Plaintiff. Livingston, in acting to deprive Plaintiff of his due process rights, acted intentionally, knowingly, willfully, and with gross disregard to Plaintiff's rights. Livingston actions towards Plaintiff, as alleged above, constitute a violation of 42 U.S.C. § 1983 for which Plaintiff is entitled to relief. The violations of 42 U.S.C. § 1983 by Livingston resulted in Plaintiff being deprived of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

43.    As a result of Livingston's violations of 42 U.S.C. § 1983, Plaintiff has suffered economic damages in an amount to be determined at trial along with non-economic damages in an amount to be determined at trial. Plaintiff seeks recovery of all compensatory damages provided by law, as well as equitable relief.

44.    Defendants' acts were willful and malicious and done with reckless indifference to Plaintiffs' protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish him and to deter such conduct in the future.

45.    Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment granting

him:

a)  A declaration that the acts and omissions described herein violated his rights

under the U.S. Constitution;

b)  An award of compensatory and First Amendment damages in a sum that is just as

determined by a jury;

c)  An award of punitive damages in a sum that is just as determined by a jury;

d)  Plaintiff's costs and attorney fees in this suit, and

e)  Any additional relief this court deems just, proper, and equitable.

**Plaintiff demands a trial by Jury.**

Dated: August 12, 2022

**Law Offices of Daniel Snyder**

  */s/ John Burgess*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249

Of Attorneys for Plaintiff