**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **RICHARD ROE**, | Case No. 3:22-cv-1193-SB |
| Plaintiff, | |
| v. | **MOTION FOR LEAVE TO APPEAR BY PSEUDONYM** |
| **THE CITY OF PORTLAND; AMELIA FLOHR; and JOHN DOES I-V,** | |
| Defendants. | |

## CERTIFICATE REQUIRED BY LR 7-1(a)

Counsel for the parties have conferred by telephone and opposing counsel opposes this

motion.

## MOTION

Plaintiff moves for leave to appear by pseudonym. When the underlying facts of this case

occurred, Plaintiff's identity was doxed (i.e., his personal information was released to the public)

and a group of individuals, including a prominent right-wing self-styled journalist, engaged in a

campaign of harassment and threats that includes calls to his personal cell phone leaving death

threats on his voicemail, and calling his place of employment and harassing his coworkers.

Members of the "press" posted pictures of his employer's website and comments about him were

made by officials in the Trump White House. This campaign of harassment and retaliation led to

Plaintiff losing his job and reasonable fear of violence. Due to the fear of retaliation, Plaintiff

requests leave to appear by the pseudonym Richard Roe as contained in the caption.

> The Ninth Circuit has repeatedly held that pseudonymous filing is permitted in this

circuit.

> In this circuit, we allow parties to use pseudonyms in the "unusual
> case" when nondisclosure of the party's identity "is necessary . . .
> to protect a person from harassment, injury, ridicule or personal
> embarrassment." United States v. Doe, 655 F.2d 920, 922 n.1 (9th
> Cir. 1981) ("Doe II") (using pseudonyms in opinion because
> appellant, a prison inmate, "faced a serious risk of bodily harm" if
> his role as a government witness were disclosed); see also Madison
> School Dist., 147 F.3d at 834 n.1 (stating that plaintiff filed case as
> "Jane Doe" because she feared retaliation by the community).

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000); *see also*

N.S. v. Rockett, No. 3:16-cv-2171-AC, 2017 U.S. Dist. LEXIS 54204 (D. Or. Apr. 10, 2017);

and A.G. v. Unum Life Ins. Co. of Am., No. 3:17-cv-01414-HZ, 2018 U.S. Dist. LEXIS 24752

(D. Or. Feb. 14, 2018).

> The Ninth Circuit has held that courts should apply the following analysis to determine if

pseudonymous appearance is appropriate:

> (1) the severity of the threatened harm, *see Southern Methodist
> Univ.*, 599 F.2d at 713; (2) the reasonableness of the anonymous
> party's fears, see *Stegall*, 653 F.2d at 186; and (3) the anonymous
> party's vulnerability to such retaliation, see id. (discussing
> vulnerability of child plaintiffs); *Doe II*, 655 F.2d at 922 n.1
> (recognizing enhanced risks to long-term prison inmate). The court

must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *See James*, 6 F.3d at 240-41 (evaluating defendants' assertions that plaintiffs' use of pseudonyms would prejudice the jury against the defendants and would impair defendant's ability to impeach plaintiffs' credibility). Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *See Stegall*, 653 F.2d at 185 (recognizing that "party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.").

*Advanced Textile Corp.*, 214 F.3d at 1068-69.

Here the analysis weighs in favor of permitting plaintiff to appear by pseudonym. Plaintiff has previously received death threats on his personal cellphone and was harassed at work to the point of losing his job. These are not hypothetical concerns, and they are very serious.

In this case, the plaintiff has had his personal address doxed, his workplaces flooded with harassing calls and threats, and he received death threats on his cellphone. There are also not a serious concern about any prejudice to the defendants. Defendants are aware of who the plaintiff is. Defendant City of Portland deposed plaintiff in another matter and inquired extensively concerning the facts of this case, the doxing, and the fallout from it. During conferral the only basis defendants' counsel offered for opposing appearing by pseudonym was that defendants did not agree with plaintiff's allegations in the complaint. This is not a basis for opposing appearing by pseudonym. Generally, defendants do not agree with the allegations made against them. This does not change the very real and uncontroverted concerns plaintiff has that he will be harassed or threatened if his identity is a matter of public record.

Plaintiff is happy to provide under seal portions of his deposition in the other matter that relate to this issue or a declaration if the court feels that is necessary or appropriate.

**CONCLUSION**

Plaintiff's motion for leave to appear by pseudonym should be granted.

Dated: December 12, 2022

                                              **Law Offices of Daniel Snyder**

                                          */s/ John Burgess*
                                          Carl Post, OSB No. 06105
                                          carlpost@lawofficeofdanielsnyder.com
                                          John David Burgess, OSB 106498
                                          johnburgess@lawofficeofdanielsnyder.com
                                          Tel: (503) 241-3617 / Fax: (503) 241-2249
                                          Of Attorneys for Plaintiff