IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD ROE, | Case No. 3:22-cv-01193-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CITY OF PORTLAND, AMELIA FLOHR, JOSHUA DYK, and ALEXANDRA ROSS, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Richard Roe ("Roe") filed this action against the City of Portland, Amelia Flohr ("Flohr"), Joshua Dyk ("Dyk"), and Alexandra Ross ("Ross") (together, "Defendants"), alleging constitutional violations pursuant to 42 U.S.C. § 1983 ("Section 1983"). The Court granted Defendants' motion for summary judgment (ECF No. 83), and Defendants now seek approval of their cost bill pursuant to 28 U.S.C. § 1920 ("Section 1920"). (*See* Bill Costs, ECF No. 112). For the reasons discussed below, the Court grants in part and denies in part Defendants' cost bill.

///

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Roe filed this action in August 2022, and Defendants moved for summary judgment in March 2025. (Defs.' Mot. Summ. J. ("Defs.' Mot. Summ. J."), ECF No. 83.) On September 11, 2025, the Court granted Defendants' summary judgment motion and entered judgment in their favor. (ECF Nos. 110-11.)

Thereafter, Defendants filed a bill of costs seeking recovery of $6,508.23 in costs, supported by the declaration of counsel. (*See* Bill Costs at 1-2; Decl. Caroline Turco Supp. Defs.' Bill Costs ("Turco Decl."), Exs. 1-5, ECF No. 113.) Defendants seek to recover $20.00 for docket fees, $187.40 for witness fees, and $6,300.83 in deposition-related costs, including costs for the transcription and video recording of the depositions of Roe ($3,077.75) and witness Erin Wenzel ("Wenzel") ($1,787.60), and costs for the transcription of the depositions of Dyk ($819.18), Flohr ($308.15), and Ross ($308.15). (*See id.*)

Roe filed objections to the cost bill, objecting to $6,300.83 of the requested $6,508.23, on the grounds that Defendants did not demonstrate that the depositions for which they seek costs were "necessarily obtained," nor that it was necessary to videotape Roe's or Wenzel's depositions. (Pl.'s Objs. Defs.' Bill Costs ("Pl.'s Objs.") at 1-3, ECF No. 114.) Roe asks the Court to award Defendants only $207.40 in recoverable non-deposition costs (i.e., docket and witness fees), or alternatively to deny $1,827 in requested videography charges and $1,984.50 in inseparable transcript/video bundle costs for Roe's and Wenzel's videotaped depositions, or alternatively to deny at least the $1,787.60 in costs associated with taking Wenzel's deposition. (*Id.* at 3.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

PAGE 2 – OPINION AND ORDER

to the prevailing party."[1] FED. R. CIV. P. 54(d)(1). "By its terms, [Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party[.]" Ass'n Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citation omitted). Accordingly, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

Rule 54(d)(1) also "vests in the district court discretion to refuse to award costs." Ass'n Mexican-Am. Educators, 231 F.3d at 591 (citation omitted). "That discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." Id. (quoting Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)). "[A] district court's decision regarding costs is reviewed for abuse of discretion." Powell v. Adlerhorst Int'l, Inc., No. 3:14-cv-01827-MO, 2017 WL 1371269, at *1 (D. Or. Apr. 12, 2017) (citing Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016)).

Section 1920 lists the specific items a prevailing party may recover as costs, including, as relevant here: "(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for . . . witnesses; [and] . . . (5) Docket fees under section 1923 of this title[.]" 28 U.S.C. § 1920; see also Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) ("Deposition costs are taxable if they are reasonably necessary[.]"); Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) ("Costs related to depositions are generally available to a prevailing party under 28 U.S.C. § 1920. More specifically, fees incurred in obtaining deposition transcripts may be recovered under § 1920(2).") (citations omitted).

---

[1] The parties do not dispute that Defendants were the prevailing parties in light of the Court's entry of summary judgment in Defendants' favor, and the Court so finds.

PAGE 3 – OPINION AND ORDER

**DISCUSSION**

I. **DEPOSITION COSTS**

    A. **Necessity of Costs**

Roe argues that Defendants have not demonstrated that "the taking of the depositions for which [they seek] costs were 'necessarily obtained,'" as required by Section 1920. (Pl.'s Objs. at 2.) Defendants respond that "it is customary, and generally necessary, in most Section 1983 lawsuits to take depositions" because "[i]t is not possible to explore the nuance of the event or the alleged damages without depositions." (Defs.' Resp. Pl.'s Objs. Bill Costs ("Defs.' Resp.") at 2, ECF No. 117.) Defendants offer counsel's declaration, attesting that counsel relied on the relevant deposition testimony to prepare for and argue Defendants' successful motion for summary judgment. (Turco Decl. ¶ 7; *see also generally* Defs.' Mot. Summ. J.; Decl. Caroline Turco Supp. Defs.' Mot. Summ. J., Ex. 7, attaching portions of Roe's deposition transcript, ECF No. 84.)

The Court finds that counsel's representation that she relied on the relevant deposition transcripts to prepare and argue Defendants' successful summary judgment motion is sufficient to meet Defendants' burden of demonstrating the necessity of the requested deposition transcripts.[2] *See Frederick,* 162 F.R.D. at 142 ("Costs related to depositions are generally available to a prevailing party under 28 U.S.C. § 1920. More specifically, fees incurred in obtaining deposition transcripts may be recovered under § 1920(2).") (citations omitted); *Poppen v. Clackamas County,* No. 3:22-cv-00227-SB, 2023 WL 8827669, at *2 (D. Or. Dec. 21, 2023) (

---

[2] Although Roe argues that Wenzel's deposition, in particular, was unnecessary because she had previously sat for a deposition in her related state case, the Court previously granted Defendants' motion to compel Wenzel's deposition on the ground that they were entitled to depose Wenzel on issues related specifically to Roe's claims in this case. (*See* ECF No. 79.) Accordingly, the Court finds that Wenzel's deposition was reasonably necessary.

"[T]here should be no reasonable dispute that obtaining the transcript of a deposition is imperative to allow counsel to recall specific testimony to evaluate the merits of filing a dispositive motion or calling the witness at trial[.] Accordingly, the Court concludes that all of the costs listed in the County's bill of costs were necessary for use in this case.") (citations omitted); see also *Castellanos v. Kaiser Found. Health Plan of the Nw.*, No. 6:22-cv-00149-MC, 2024 WL 4524861, at *2 (D. Or. Mar. 8, 2024) ("Taking the opposing party's deposition and obtaining copies of the transcript of that deposition for use in the case is reasonably calculated to properly prepare for trial and within Rule 54's 'necessity' requirement." (quoting *Redwind v. W. Union, LLC*, No. 3:14-cv-01699-AC, 2016 WL 4974952, at *3 (D. Or. Sept. 16, 2016))).

For these reasons, the Court finds that the costs of the deposition transcripts for parties Roe, Dyk, Flohr, and Ross, as well as witness Wenzel, are recoverable (with the exception of the cost of videotaping Wenzel's deposition, discussed below).[3]

### B.  Videography Costs

Defendants also seek to recover costs associated with videotaping the depositions of Roe and Wenzel. (*See* Turco Decl. Exs. 1-2.) Roe objects to these videography costs, arguing that Defendants "have not shown that it was necessary to videotape [Roe] and Ms. Wenzel's depositions, let alone order the videos." (Pl.'s Objs. at 2.)

In *Offutt v. Georgia-Pacific Gypsum LLC*, No. 22-35646, 2023 WL 5500432, at *1 (9th Cir. Aug. 25, 2023), the Ninth Circuit recently found that "the district court provided sound reasons for taxing the cost of procuring each transcript *or video*: '[I]t appears that all of the transcripts for which [the defendant] seeks costs-recovery were for the depositions of individuals

---

[3] Roe did not object to the costs to expedite the deposition transcripts of Dyk ($239.43), Flohr ($110.70), or Ross ($110.70). (*See* Turco Decl. Exs. 4-5.)

that were either (1) on [the plaintiff's] trial witness list; (2) called by [the defendant] to testify at trial; and/or (3) used to prepare [the defendant's] cross examination of [the plaintiff's] expert witness.'" *Id.* (emphasis added). The opinion suggests that costs associated with videotaping depositions may be properly taxed in some cases without a more particularized showing of necessity. *See id.*

However, courts in this district have consistently held that a videographer's fees should not automatically convert "into a recoverable item of cost where a court reporter also attended and transcribed the deposition and the party seeking to recover the cost does not offer one or more reasons specific to the case to justify an award for both items." *Puella v. Intel Corp.*, No. 08-1472-AC, 2010 WL 3361089, at *3 (D. Or. Aug. 25, 2010) (simplified) (declining to award the cost of videography services because "Defendant does not offer any reason specific to this case to justify an award for both videography services and the transcripts of these depositions" and to "[r]outinely allow recovery of the cost incurred for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose"); *Bala v. Or. Health & Sci. Univ.*, No. 3:18-cv-00850-HZ, 2024 WL 3785975, at *3 (D. Or. Aug. 12, 2024) ("The Ninth Circuit has not ruled on the required showing for a party to recover the cost of video depositions, but courts in this district generally require a particularized showing of why video depositions were necessary in the case in addition to a written transcript." (citing *Sneath v. Clackamas County*, No. 3:16-cv-01907-YY, 2019 WL 13308852, at *1 (D. Or. July 19, 2019) (collecting cases))); *Hunt v. City of Portland*, No. CV 08-802-AC, 2011 WL 3555772, at *7 (D. Or. Aug. 11, 2011) (holding that although the defendants played the video deposition at trial, the "necessity" requirement was not met because "litigation strategy or tactics are different considerations from Rule 54's 'necessity'").

PAGE 6 – OPINION AND ORDER

Defendants argue that it is now "customary to videotape depositions in a larger case" and that videotaping the depositions of Roe and Wenzel was necessary because their credibility was "key." (Defs.' Resp. at 2-3.) The Court finds that the demeanor and credibility of nearly every witness is important, and that reason alone does not justify taxing the cost of the videography services here. See *Pullela*, 2010 WL 3361089, at *3 ("The demeanor of any witness . . . is important in any case. That general principle, however, should not automatically convert a videographer's fee into a recoverable item of cost where a court reporter also attended and transcribed the deposition and the party seeking to recover the videographer's cost does not offer one or more reasons specific to the case to justify an award of costs for both items."); *see also Murphy v. Precision Castparts Corp.*, No. 3:16-cv-00521-SB, 2021 WL 4524153, at *5 (D. Or. Oct. 4, 2021) ("The Court concludes that Defendants are not entitled to recover the costs for the video recording of depositions. As this Court explained in *Simons*, a party seeking costs for the video recording of a deposition must explain why the deponent's 'deposition demeanor was such an important issue that the video version, in addition to the written version, of [his] deposition was necessary.'" (quoting *Simons v. Costco Wholesale Corp.*, No. 3:18-cv-00755-SB, 2021 WL 1244309, at *4 (D. Or. Feb. 22, 2021))); *Redwind*, 2016 WL 4974952, at *3 ("Defendant alleges that it was necessary to the litigation to videotape plaintiff's deposition for purposes of showing her demeanor, which it alleges is an important issue in this case . . . . Without more, however, defendants have failed to show how the written version of plaintiff's deposition testimony or her testimony at trial could not serve the same purpose.") (citation omitted).

Defendants also argue that videotaping the Roe and Wenzel depositions was necessary because this was potentially a high-profile case in light of the fact that a related case received extensive news coverage. (Defs.' Resp. at 2.) The Court disagrees that the potential for news

coverage in this single-plaintiff case necessitated videotaping depositions. *See Morae v. Nike, Inc.*, No. 3:23-cv-00541-MO, 2025 WL 1409733, at *1 (D. Or. May 15, 2025) (rejecting the defendant's argument "that video recording [the plaintiff's] deposition was necessary due to the highly politicized and antipathetic context of this litigation," and finding that "the case was not particularly antagonistic or large-scale" and therefore the court "was not persuaded by Nike's argument that the nature of this case[] rendered a video deposition necessary); *cf. Adidas Am., Inc. v. Herbalife Int'l, Inc.*, No. 3:09-cv-00661-MO, 2012 WL 13051118, at *1 (D. Or. Sept. 5, 2012) ("The antagonistic milieu here, coupled with the large-scale nature of this litigation, rendered both video deposition and stenographic transcription costs particularly necessary in this case, and I therefore deny defendant's objection and award plaintiffs the challenged costs.").

For these reasons, the Court denies Defendants' request to include $632.50 in costs (*see* Turco Decl., Ex. 2, itemizing $632.50 for videography costs) to videotape Wenzel's deposition.[4] *See Don't Shoot Portland v. City of Portland*, No. 3:20-cv-00917-HZ, 2023 WL 6213352, at *11 (D. Or. Sept. 24, 2023) (holding that the party requesting costs "has the burden of demonstrating why the video deposition was needed and a written transcript would not have sufficed" but had "not demonstrated why the video depositions were necessary" and therefore denying "recover[y of] costs associated with videotaping depositions") (citation omitted); *Castellanos*, 2024 WL

---

[4] Roe also objects to the cost of Roe's and Wenzel's deposition transcripts because of the vague description in the invoice. (Pl.'s Objs. at 2-3, "The undersigned cannot discern from this description how much of the $1,254.40 for plaintiff's deposition transcript fee and $730.10 for Ms. Wenzel's is for the video of the deposition and how much is for the transcript.") The Court interprets the invoice for Wenzel's deposition as charging $632.50 for videography services, which includes "media via ShareFile," and charging $730.10 for the 149-page transcript. (*See* Turco Decl., Ex. 2 at 1.) Accordingly, the invoice is sufficiently clear to allow Defendants to recover the cost of the transcript in the amount of $730.10. (*Id.*) Similarly, contrary to Roe's suggestion that it was unnecessary to order a copy of the video for the purpose of summary judgment, it appears that the cost of the video was included in the videography package. (*See id.*)

4524861, at *2 ("Because Defendant fails to explain how a videorecording of Plaintiff's deposition was a necessary expense in the context of this case, the Court denies Defendant's request for the video costs incurred during Plaintiff's deposition."); *Duncan v. Costco Wholesale Corp.*, No. 3:23-cv-00172-HZ, 2023 WL 9055494, at *2 (D. Or. Dec. 29, 2023) ("This Court has held that the party seeking costs for videography services 'has the burden of demonstrating why the video deposition was needed and a written transcript would not suffice.'" (quoting *Brown v. Cascade Mgmt., Inc.*, No. 3:15-cv-01585-HZ, 2018 WL 4207097, at *11 (D. Or. Sept. 4, 2018))); *Murphy*, 2021 WL 4524153, at *5 ("Defendants have failed adequately to explain why the video recording of any deposition was necessary here, and therefore the Court declines to award such costs." (citing *Pullela*, 2010 WL 3361089, at *3)); *Brown*, 2018 WL 4207097, at *11 (denying costs because the plaintiff did not demonstrate why video depositions were necessary); *Davis v. Con-Way Freight Inc.*, No. 3:14-cv-01389-HZ, 2015 WL 7760189, at *3 (D. Or. Dec. 2, 2015) (same); *Hollowell v. Kaiser Found. Health Plan of the Nw.*, No. 3:12-cv-2128-AC, 2014 WL 6750325, at *3 (D. Or. Dec. 1, 2014) (same).

However, Defendants further explain that it was necessary to videotape the depositions because of the importance of "hand and body movements" to the issues in this case, "which cannot be captured in the written transcript[.]" (Defs.' Resp. at 2.) The Court agrees that Roe's hand and body movements, and his deposition testimony relating thereto, were material to his claims, as discussed in detail in the Court's opinion evaluating Roe's excessive force claims:

> Roe testified that Flohr approached him with her baton raised and attempted to strike him while he was standing still and playing his drum. (*See* Roe Dep. at 67:1-5.) According to Roe, he raised his arm to block Flohr's baton strike, at which point Flohr grabbed Roe's shirt and tripped, pulling him down on top of her. (*See id.* at 69:13-70:9.) At that point, Roe "tried to . . . get up off of [Flohr] . . . , but that's when [he] was tackled by other officers." (*Id.* at 80:25-81:2.) According to Roe, during the ensuing struggle, he tried to defend himself, but did not hit any of the officers. (*See id.* at 80:6-17.) Roe then grabbed one of the

PAGE 9 – OPINION AND ORDER

> officers' batons and attempted to use it to stand up and regain his footing. (*See id.* at 83:22-84:6.) After regaining his footing for "a second or two" (*id.* at 84:6), Flohr and others carried out the take-down maneuver and restrained Roe on the ground. (*See id.* at 85:18-22; *see also* Turco Decl. Ex. 4, video reflecting that the officers restrained Roe after the relevant take-down maneuver.)

(Op. & Order at 31, ECF No. 110; *see also id.* at 20, "Roe testified that Flohr approached him with her baton raised and attempted to strike him while he was standing still and playing his drum").

Defendants have provided an explanation specific to this case as to why video of Roe's deposition captured something that a written transcript could not have captured, and therefore the Court finds that Defendants have met their burden of demonstrating the necessity of videotaping Roe's deposition. *See Est. of Osborn-Vincent v. Ameriprise Fin. Servs., Inc.*, No. 3:16-cv-02305-YY, 2023 WL 6380027, at *2 (D. Or. Sept. 11, 2023) ("[D]efendants have adequately explained why the costs relating to the videotaped depositions of two witnesses . . . were necessarily incurred to defend against [the] plaintiff's motion for sanctions, which 'put the behavior of the witnesses and legal counsel' during the depositions at issue. . . . The prevailing party must provide at least one reason why video depositions were necessary for 'this case and for these witnesses.' Defendant has done so here, and therefore the requested costs associated with those videotaped depositions are recoverable." (simplified) (quoting *Skedco, Inc. v. Strategic Operations, Inc.*, No. 3:13-cv-00968-HZ, 2016 WL 8678445, at *15 (D. Or. Apr. 1, 2016))), *findings and recommendation adopted*, 2023 WL 6380020 (D. Or. Sept. 28, 2023).

For these reasons, the Court finds that Defendants may recover the videography costs of Roe's deposition, but not Wenzel's deposition ($632.50).

## II.     OTHER COSTS

Defendants also seek to recover a $20 docket fee. (Cost Bill at 1.) Roe does not oppose the request, and the Court finds that Defendants are entitled to the $20 docket fee. *See* 28 U.S.C.

PAGE 10 – OPINION AND ORDER

§ 1923(a) (providing that docket fees are recoverable "on trial or final hearing . . . in civil, criminal, or admiralty cases"); *Alexander v. Dorn*, No. 0311-cv-00102-ST, 2011 WL 7402974, at * 1 (D. Or. Dec. 9, 2011) ("A 'final hearing' under 28 U.S.C. § 1923 includes granting a motion for summary judgment."), *adopted in relevant part*, 2012 WL 554476 (D. Or. Feb. 21, 2012); *Ferguson v. Smith*, No. 3:18-cv-00372-SB, 2024 WL 1070812, at *19 (D. Or. Mar. 12, 2024) ("Defendants do not raise any specific objection to Plaintiffs' request to recover $20.00 in docket fees under 28 U.S.C. § 1923. Such fees are among the items delineated in 28 U.S.C. § 1920. Accordingly, Plaintiffs are entitled to recover $20.00 in docket fees.") (simplified).

Roe also does not object to Defendants' request to recover witness fees and costs, and the Court finds that Defendants are entitled to recover the $187.40 they paid in witness fees and costs to Wenzel. (Cost Bill at 2); *see also* 28 U.S.C. § 1920 (providing that "[f]ees and disbursements for . . . witnesses" are recoverable"); *Ferguson*, 2024 WL 1070812, at *19 ("Defendants do not raise any specific challenge to Plaintiffs' request for $80 in fees for the two days that their witness . . . attended trial. Plaintiffs are entitled to $80 in witness fees." (simplified) (citing *Draper*, 836 F.3d at 1086 n.9)).

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART Roe's bill of costs (ECF No. 112), and awards costs to Defendants in the amount of $5,875.73 ($6,508.23 - $632.50).

**IT IS SO ORDERED.**

DATED this 3rd day of December, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge